UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL NAVARRO,<br><br>    Plaintiff,<br><br>    v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social<br>Security,<br><br>    Defendant. | 1:00-CV-6747-SMS<br><br>ORDER GRANTING PETITION FOR<br>ATTORNEY'S FEES (DOC. 24) |

Pending before the Court is the petition of Robert D. Christenson, attorney for Plaintiff, for attorney's fees pursuant to 42 U.S.C. § 406(b)(1), filed on June 15, 2006, and subsequently served. The Court has considered the response of Defendant filed on August 1, 2006, in which Defendant took no position as to the reasonableness of the fee request or whether or not a de facto hourly rate of $400.00 is a windfall or is unreasonable.

I. Background

Plaintiff prevailed in his action, filed in this Court on October 13, 2000, seeking review of a decision of the Social

1

1 Security Administration (SSA) denying her benefits under Title
2 XVI of the Social Security Act. By order dated April 18, 2002,
3 the Court ordered the matter remanded pursuant to 42 U.S.C. §
4 405(g), sentence four, for the purpose of consideration of new
5 and material evidence and of Plaintiff's status as disabled. On
6 May 30, 2002, Petitioner was awarded by stipulated order an
7 attorney's fee of $2,382.90 under the Equal Access to Justice Act
8 (EAJA)

9    Upon remand, on April 26, 2005, the agency issued a fully
10 favorable decision, finding Plaintiff eligible for benefits
11 commencing on March 10, 1997. Twenty-five per cent of the amount
12 awarded was $21,312.50, which was withheld by the SSA for direct
13 payment of an attorney's fee. A contingency fee contract between
14 Petitioner and Plaintiff provided for a payment of twenty-five
15 per cent of past-due benefits paid to Plaintiff. (Decl. of
16 Christenson.)

17    Petitioner seeks a fee of $6,760.00 for 16.9 hours of work,
18 which would amount to a de facto hourly rate of $400.00 per hour.
19 Crediting Plaintiff with the EAJA fee would produce a net result
20 of $4,370.10 from the past-due benefits. Reference to the time
21 log (Decl., Ex. C) shows that counsel represented Plaintiff
22 before the agency and the ALJ. With respect to services rendered
23 in connection with this action, Petitioner expended reasonable
24 hours in preparing the complaint and correspondence, a motion for
25 summary judgment, and engaged in various communications.

26
27
28

## II. Analysis

### A. Legal Standards

With respect to fees awarded under the EAJA, 28 U.S.C. § 2412(d)(1)(A) provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

With regard to the Social Security Act's provision for attorney's fees for services rendered in connection with judicial review of the administrative proceedings, 42 U.S.C. § 406(b) provides:

> (b) Attorney fees
>
> (1)(A) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.
>
> (B) For purposes of this paragraph--
>
> (i) the term "past-due benefits" excludes any benefits with respect to which payment has been continued pursuant to subsection (g) or (h) of section 423 of this title, and

>    (ii) amounts of past-due benefits shall be determined before any applicable reduction under section 1320a-6(a) of this title.
>
>    (2) Any attorney who charges, demands, receives, or collects for services rendered in connection with proceedings before a court to which paragraph (1) of this subsection is applicable any amount in excess of that allowed by the court thereunder shall be guilty of a misdemeanor and upon conviction thereof shall be subject to a fine of not more than $500, or imprisonment for not more than one year, or both.

The attorney petitioning for an award of fees pursuant to § 406(b) bears the burden of showing that a claimed fee that was set by contract is reasonable for the services rendered. Gisbrecht v. Barnhart, 535 U.S. 789, 122 S.Ct. 1817, 1828 (2002). The fee agreement is entitled to significant weight, but even if the claimed fee is within the twenty-five percent limitation, the Court must independently assess the reasonableness of the contract. Id. To avoid a windfall for the attorney, recovery may be reduced because of the character of the representation, the results achieved, a disproportionately large award in comparison to the time expended, or any delay caused by the attorney. Id. Thus, the Court may require the claimant's attorney to submit a record of the hours spent on the case and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases. Id.

   B. Reasonableness of Fee

The appropriate starting point for determination of a reasonable fee for representation before the Court is not a lodestar type formulation; rather, the Court will determine whether the fee, which is acknowledged to be within the permissible twenty-five per cent of total recovery, is

4

reasonable.[1] Gisbrecht, 535 U.S. at 792, 797-98, 808. Here, the 16.9 attorney hours spent were reasonably expended. The de facto hourly rate of over $400.00 might warrant a slight departure downward. Gisbrecht, 535 U.S. at 808. However, counsel's qualifications are considerable, and the character of the representation was clearly excellent in view of counsel's ability to obtain a significant award after remand was ordered by the Court. The results achieved were clearly quite favorable to the Plaintiff. The Court is also mindful of the value of the contingency; despite having lost before the agency, counsel persevered despite the limited scope and standard of review in the proceedings before the Court and thus despite a decreasing likelihood of recovery. See, Hearn v. Barnhart, 262 F.Supp.2d 1033, 1037 (N.D.Cal.2003) (noting that courts have generally been deferential to the terms of contingency fee contracts in § 406(b) cases and have accepted that the resulting de facto hourly rates [ranging from over $300 to over $600 per hour] might exceed those for non-contingency-fee arrangements). This Court notes that without the incentive of recovery of a maximum contingency fee, plaintiffs might go unrepresented or be forced to abandon their claims.

   Therefore, the Court finds that the fees requested are reasonable.

---

[1] A lodestar amount is based upon reasonable hours expended multiplied by a reasonable hourly rate, see, Allen v. Shalala, 48 F.3d 456 (9th Cir. 1995) (overruled by Gisbrecht), which may then be adjusted by considering various factors identified in Kerr v. Screen Actors Guld, Inc., 526 F.2d 67 (9th Cir. 1975), such as time and labor required, difficulty of questions involved, skill needed to perform the service and the experience, reputation and ability of the attorneys, preclusion of other employment, customary fee, whether the fee is fixed or contingent, time limits imposed by the client or circumstances, the amount involved and the results obtained, the undesirability of the case, the nature and length of the professional relationship with the client, and awards in similar cases.

C. Offset of EAJA Award

The payment under the EAJA arises if the government's position in the litigation was not substantially justified, and the fee is determined by the time expended and the attorney's hourly rate. 28 U.S.C. § 2412(d). The payment provided for under § 406(b)(1)(A) is payable out of, and not in addition to, the amount of the past-due benefits. Gisbrecht v. Barnhart, 122 S.Ct. 1817, 1820, 1822. Congress has harmonized fees payable by the government under the EAJA with fees payable under § 406(b) out of a Social Security claimant's past-due benefits. Fee awards may be made under both provisions, but the claimant's attorney must refund to the claimant the amount of the smaller fee up to the point that the claimant receives one hundred per cent of the past-due benefits. Act of Aug. 5, 1985, Pub.L. 99080, § 3, 99 Stat. 186; Gisbrecht v. Barnhart, 122 S.Ct. at 1822.

Here, the fee of $6,760.00 provided for under the contract and § 406(b) must be reduced by the $2,382.90 previously awarded under the EAJA.

Accordingly, it IS ORDERED that the petition of Plaintiff's counsel for an award of $6,760.00 in fees IS GRANTED subject to a $2,382.90 offset to Plaintiff for the prior EAJA award.

IT IS SO ORDERED.

Dated:   September 13, 2006            /s/ Sandra M. Snyder
icido3                                 UNITED STATES MAGISTRATE JUDGE

6